▆ In the Matter of the Probate of the Will of MARTHA M. NATHONS, Deceased. LUVINA BARBARO, Appellant; JOHN C. GLENN, as Public Administrator of Queens County, Respondent.— In a probate proceeding, the residuary legatee named in an instrument, dated December, 1955, offered for probate as decedent's last will and testament, appeals from so much of a decree of the Surrogate's Court, Queens County, rendered December 16, 1959 after a nonjury trial, as denies probate to said instrument on the ground of lack of testamentary capacity and on the ground of undue influence. Decree modified on the law and the facts: (1) by striking out from the fourth decretal paragraph the provision adjudicating " that the purported instrument was the result of undue influence exercised by Luvina Barbaro, the residuary legatee; " and (2) by substituting therefor a contrary adjudication. As thus modified, the decree insofar as appealed from is affirmed, with costs to all parties filing briefs, payable out of the estate. Findings of fact inconsistent herewith are reversed and new findings

are made as indicated herein. In our opinion, while the evidence does establish the finding that decedent lacked testamentary capacity, it fails to establish the finding that the propounded instrument was the result of undue influence exercised by the residuary legatee (cf. *Matter of Walther*, 6 N Y 2d 49). Ughetta, Christ and Pette, JJ., concur; Nolan, P. J., and Brennan, J., concur in the modification with respect to the issue of undue influence, but dissent from the affirmance which is based on the finding that the decedent lacked testamentary capacity, and vote to reverse the decree *in toto* and to admit the instrument to probate, with the following memoranda: Nolan, P. J.: In my opinion the finding of testamentary incapacity as well as the finding of undue influence is against the weight of the credible evidence. And this is so even if it be assumed that the special guardian and the public administrator are legally empowered to waive the statutory prohibition against disclosures by the decedent's doctor and nurse and that the testimony of such doctor and nurse was properly admitted and may be considered. Brennan, J.: I agree with the Presiding Justice. I dissent on the additional ground, however, that it was error to permit the special guardian, appointed as such for unknown heirs of the decedent's deceased sister, to waive the statutory prohibition against disclosure by the doctor and the nurse of the information acquired by them in a professional capacity while attending decedent as their patient (Civ. Prac. Act, §§ 352, 354). Although any "party in interest" is empowered to waive the statutory prohibition (Civ. Prac. Act, § 354), here the special guardian did not file objections to the probate of the alleged will, and in my opinion he was not a "party in interest" as that phrase is generally understood and defined by law (cf. Surrogate's Ct. Act, § 314, subd. 10). Error likewise was committed in permitting the public administrator to waive the statutory prohibition against disclosure by the doctor and the nurse (cf. *Matter of Laine*, 8 A D 2d 941). Without the testimony of the doctor and the nurse there is no basis whatever for a finding of testamentary incapacity.